# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

PAUL KAY CORONEL,                                                      PLAINTIFF

V.                                                    CIVIL ACTION NO.2:05CV-120-P-D

SYLVESTER WALKER, ET AL,                                   DEFENDANTS

## ORDER DENYING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF AND MOTION IN LIMINE

The *pro se* plaintiff in this § 1983 conditions of confinement case alleges that his religious rights under the First Amendment to the United States Constitution are being infringed upon. He states that he is a member of the Diania-WICCAN faith, and that the defendants have made no provisions whatsoever that permit him to freely practice his belief, and have instead forced him to participate in Christian programs. He has moved for a preliminary injunction (docket entry 2) and for a motion in limine (docket entry 14).

In order to obtain injunctive relief, a plaintiff must satisfy the stringent test set forth in *Mississippi Power and Light Co. v. United Gas Pipe Co.*, 760 F.2d 618 (5th Cir. 1985) (*citing Canal Authority of State of Florida v. Callaway*, 489 F.2d 567 (5th Cir. 1974)). The granting or denial of a motion for a preliminary injunction rests in the sound discretion of the trial court. *Canal Authority, supra,* at 572. However, the movant bears the burden of satisfying the "four prerequisites for the extraordinary relief of preliminary injunction." The four prerequisites are: (1) a substantial likelihood that plaintiff will prevail on the merits; (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted; (3) the threat and injury to plaintiff outweighs the threat and harm the injunction may do to defendants; and (4) granting the preliminary injunction will not disserve the public interest. *Id*. These requirements are not balanced, but rather each one must

be met before the court can grant such a drastic remedy as a temporary restraining order or preliminary injunction. *Mississippi Power and Light*, 760 F.2d at 621. In considering these prerequisites the court must bear in mind that a preliminary injunction is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion. The primary justification for applying this remedy is to preserve the court's ability to render a meaningful decision on the merits. *Canal Authority, supra,* at 573. Plaintiff has met none of the four requirements.

Plaintiff lists seven areas which he wants the court to rule cannot be presented by the defendants at trial. It is impossible at this point to know how the defendants wish to present any of these issues and whether or not they would be relevant or otherwise admissible. The motion will be denied at this point, but may be presented at trial by plaintiff.

Accordingly, it is **ORDERED**:

That plaintiff's motion for a preliminary injunction (docket entry 2) and motion in limine (docket entry 14) are hereby **denied**.

THIS the 24th day of February, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE